MCCORMICK ET AL. v. STATE, EX REL. MORRIS.

[No. 20,513. Filed December 13, 1905.]

APPEAL AND ERROR.—*Final Judgment.*—*Mandamus.*—*Elections.*— *Canvassing Board.*—Where an action in mandamus was brought against the county election canvassing board and a peremptory writ awarded but not issued and such board immediately met and did the things directed, whereupon such cause was dismissed by the court without objection, and later in the term a motion for a new trial was filed by defendants, an appeal does not lie, since there was no final judgment, and the things commanded having been performed, a moot question only is presented.

From Martin Circuit Court; *Milton S. Hastings,* Special Judge.

Action by the State of Indiana, on the relation of John T. Morris, against Hiram McCormick and others. From a judgment for plaintiff, defendants appeal. *Appeal dismissed.*

*Hiram McCormick* and *Frank E. Gilkison,* for appellants.

*Padgett & Padgett, Fabius Givin* and *Marshall & Carrico,* for appellee.

MONTGOMERY, J.—This proceeding was brought by the relator against appellant Hiram McCormick and nineteen others, as members of the board of election canvassers of Martin county, for a writ of mandate to compel them to assemble, canvass the election returns of the general election held November 8, 1904, sign a statement showing the num-

ber of votes received by each person in each precinct, the names of persons voted for and the number of votes given to each in the county, to deposit such statement, when signed, with the clerk of the court, to declare the relator duly elected as auditor of said county, and to issue to him a certificate of such election. An alternative writ was issued as requested, and in response thereto appellants appeared. Appellants Cusack, Wininger and Hert joined in a return admitting the truth of the allegations of the petition and writ. McCormick and the other sixteen appellants demurred to the petition and writ for want of sufficient facts, their demurrer was overruled, and to this ruling each excepted. The same seventeen appellants filed a return or answer: (1) In denial; and (2) alleging affirmative matter. Appellee's demurrer to the second paragraph of return was sustained, and to this ruling each of the appellants excepted. A trial was had upon the alternative writ, and the return in general denial by the seventeen and of confession by the three appellants.

It is shown by the record that "the court, having heard all the evidence, orders a peremptory writ issued herein, commanding the board of canvassers to proceed, instanter, at the court-house at Shoals, Martin county, Indiana, and proceed to discharge their duties as required by statute and the order of this court, as the order cites and directs by the alternative writ issued herein. And now the defendants report that the order of the court has been fully complied with, and it is now further ordered by the court that the inspectors, judges and clerks subpœnaed in this cause be allowed each one day at $2 per day and mileage, and this cause appearing to the court to be of such a public nature that the court believes that the costs should be paid by the county of Martin, in the State of Indiana, it is therefore ordered and adjudged by the court that this cause be now dismissed at the cost of Martin county, Indiana." Appellants at a later day in the term filed a joint motion for a

new trial, which was overruled, and to this ruling appellants excepted. The evidence has not been brought into the record by bill of exceptions.

All the defendants below appeal, and join in assigning errors as follows: "(1) The court erred in overruling the demurrer to the petition and alternative writ; (2) the court erred in sustaining 'the demurrer to the second paragraph of appellants' return to the alternative writ; (3) the court erred in ordering the peremptory writ; (4) the court erred in overruling the motion for a new trial."

Appellants' counsel have manifested commendable research and discriminating ability in their brief in support of the errors assigned; but appellee's counsel insist that no question is presented, for the reason that no judgment was rendered against appellants, but the cause was dismissed without objection or exception. This contention must be sustained. It appears from the record that no peremptory writ was issued or final judgment entered against appellants, but, while the proceeding was *in fieri,* appellants voluntarily proceeded to do the things which appellee sought to coerce them to do by a peremptory writ of mandamus. Before the day's proceedings were closed they reported orally to the court that they had fully performed their duties to the satisfaction of the court and all parties. They were allowed their per diem and mileage against the county, whether validly or otherwise we do not decide, and the cause was thereupon dismissed with the acquiescence of all parties. Appellants are in no position to complain of the action of the court in dismissing the proceeding. It is clear that the points suggested by the assignment of errors are now wholly moot questions, and a reversal of the rulings of the trial court would not reinstate the cause or be of any avail to appellants or to any one concerned in the proceeding. Elliott, App. Proc., §520.

No material question being presented by the record for decision, the appeal is dismissed.